**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **YONKANI MANUEL BOJORQUEZ,** ) <br> **Petitioner,** ) <br> ) <br> v. ) <br> ) <br> ) <br> **KEN CLARK, Warden,** ) <br> ) <br> **Respondent.** ) <br> _____ | **NO. CV 19-7501-AB (KS)** <br><br> **ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus ("Petition"), all of the records herein, the Report and Recommendation of United States Magistrate Judge ("Report"), and Petitioner's Objections to the Magistrate Judge's Report and Recommendation ("Objections"). Pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the Court has conducted a *de novo* review of those portions of the Report to which objections have been stated.

In the Objections, Petitioner repeatedly asserts that, contrary to findings of the Report, he is entitled to habeas relief because: (1) he made his request to discharge counsel several weeks before voir dire; (2) trial counsel was ineffective (and violated her moral and ethical duties) for failing to bring that request to the trial court's attention until the eve of trial; and

(3) the Court failed to consider that Plaintiff spoke English as his second language. (Objections at 2-10.) Petitioner also repeatedly asserts in Objections that he had the constitutional right to discharge counsel at any time, the trial court erred in refusing the grant his request to discharge counsel, and the Magistrate Judge erred in recommending denial of the claims in the Petition. (*See generally id.*)

As an initial matter, to the extent Petitioner's arguments are raised for the first time in the Objections, he offers no reason why the arguments could not have been raised in the Petition or in the state court proceedings. Nevertheless, the Court has carefully considered the Objections, but they do not warrant relief. Federal habeas review "is limited to the record that was before the state court that adjudicated the claim on the merits." *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Here, the record contains no factual basis to support Plaintiff's contentions that he made his request to discharge counsel several weeks before voir dire, that trial counsel delayed in bringing Petitioner's request to the attention of the trial court, or that Petitioner's language barrier impacted his ability to timely seek counsel's discharge. Absent factual support in the record and evidence that these arguments were presented to and rejected by the California Supreme Court, Plaintiff's arguments do not affect the conclusions in the Report.

As to Plaintiff's remaining arguments, Plaintiff merely restates the arguments from the Petition and disagrees with the Magistrate Judge's conclusions. Such disagreement is insufficient to alter the conclusion in the Report that the California Court of Appeal's determination that Petitioner's Sixth Amendment rights were not violated was neither contrary to clearly established federal law nor objectively unreasonable—a determination, which was grounded in the record and in binding legal precedent.

Having completed its review, the Court accepts the findings and recommendations set forth in the Report.

Accordingly, IT IS ORDERED that: (1) the Petition is DENIED; and (2) Judgment shall be entered dismissing this action with prejudice.

DATED: 3/16/2020

_____
ANDRE BIROTTE, JR.
UNITED STATES DISTRICT JUDGE